THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* RIVERA,
DEFENDANT AND APPELLANT.

## APPEAL from the District Court of Ponce in a Prosecution for Embezzlement.

No. 686.—Decided August 1, 1914.

EMBEZZLEMENT—AGENT—OWNER.—It was shown in the present case that the accused, a seller of bread, was not a salaried agent of the owner of the article, and the evidence further tended to show that when the bread was delivered to the seller he immediately acquired the ownership thereof although he did not pay for it at the time, and that the amount which he finally owed was the balance resulting against him in a long account current which he had with the said owner. *Held:* That under such circumstances and as there is nothing in the record to show that the accused had acted with criminal intent, he could not be considered guilty of the crime of embezzlement charged by the *fiscal.*

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Messrs. Tormes and Jiménez* for the accused.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The information in this case charges Avelino Rivera with the crime of embezzlement in that in the city of Ponce about

the month of March, 1913, the said Rivera being an agent
of the Ponce firm of Aguilú, Masoller, Arias, Monllor & Co.,
received from the said firm certain lots of bread for sale on
commission, the proceeds of which sale he was to deliver at
the end of the month when he was to receive ten per cent as
his commission on the sales, and that the said accused, with
criminal and fraudulent intent, having received several lots
of bread during the months of February and March, 1913,
unlawfully, maliciously and wilfully appropriated to his own
use the proceeds of the sale of said bread, amounting to the
sum of $148.92.

The accused pleaded not guilty and elected a trial by jury.
The trial took place on December 15, 1913. The court gave
full and correct instructions to the jury, which returned a
verdict of guilty against the accused. On December 22, 1913,
the accused made a motion for a new trial, which motion was
overruled by the court, and on January 15, 1914, the court
entered judgment on the verdict sentencing the accused to
imprisonment for one year in the penitentiary. From that
judgment the accused took the present appeal, which came
on for hearing on June 2 last.

The evidence introduced is included in a bill of exceptions
and statement of the facts properly prepared and certified
to. The evidence for the prosecution consisted of the testi-
mony of Augusto Fournier, a clerk in the bakery of Aguilú,
Masoller, Arias, Monllor & Co., and of that of Baltasar Arias
and Enrique Monllor, members of the said firm. The books
containing the account of the accused were also offered in
evidence, and the pertinent parts thereof were pointed out
by Monllor during his testimony.

We have considered carefully the evidence for the prose-
cution and, in our opinion, it does not show with sufficient
clearness and certainty the commission of a crime by the
accused.

The prosecution contends that the accused was an agent of the bakery of Aguilú, Masoller, Arias, Monllor & Co.; that he received a certain amount of bread daily, and that it was his duty to sell the same and deliver the proceeds, thereupon receiving ten per cent of the same in payment of his services.

That the accused was not a salaried agent of the owners of the bakery is indisputable. That the accused worked on his own account is also evident. The only thing that remains to be shown is the manner in which the accused paid for the bread which he received.

A consideration of this case causes us to observe the vast difference which may result to a person engaged in the business of selling bread from the manner in which he makes the contract with the owner of the bread. If he receives a small sum as a commission for the sale and fails to deliver the proceeds, he is liable to be imprisoned in jail, or in the penitentiary if the amount exceeds $50. On the other hand, if the bread is sold to him on credit to be paid for later, only a civil action can be brought against him in case he is unable to pay his indebtedness.

We have examined carefully the evidence for the prosecution and we entertain grave doubts as to the exact manner in which the contract was entered into in this case. The evidence of the three witnesses who testified tended at the start to establish the fact of the agency of the accused, but in going into details their testimony was given in a manner to warrant the deduction that the relations between the accused and the bakery were carried out on a different basis, namely, that when the bread was delivered to the accused he immediately acquired the ownership of it although he did not pay for it at the time, and that the amount which the accused finally owed to the bakery was the debit balance of a long account current which he had with the bakery.

This being the case, and such doubts having arisen in the mind of the court after an examination of the evidence, besides there being nothing in the record to show that the ac-

cused acted with criminal intent, we are of the opinion that the evidence for the prosecution was insufficient and that therefore the accused should have been acquitted.

The appeal should be sustained.

*Judgment reversed and accused acquitted.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.